```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
GARY COHEN and SYNERGY HEALTHCARE        :
COMMUNICATIONS, INC.,                    :
                         Plaintiffs,     :     10 Civ. 4321 (DLC)
            -v-                          :
                                         :     OPINION & ORDER
SUDLER & HENNESSEY, LLC,                 :
                         Defendant.      :
                                         :
-----------------------------------------X
```

APPEARANCES:

For plaintiffs:

Dale J. Morgado
Feldman, Fox & Morgado, P.A.
2701 North Rocky Point Drive, Suite 1000
Tampa, FL 33607

For defendant:

Darrin J. Quam
Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A.
401 East Jackson Street, Suite 2200
Tampa, FL 33602

Bruce M. Ginsberg
Peggy S. Chen
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019


DENISE COTE, DISTRICT JUDGE:

     This case arises out of an alleged profit-sharing agreement between two providers of marketing services to the medical and pharmaceutical industries.  The defendant has moved to dismiss

plaintiffs' fraud-based claims.  For the following reasons, the motion is granted.

BACKGROUND

The following facts are taken from the complaint and the documents attached as exhibits thereto.[1]  Plaintiff Gary Cohen ("Cohen") was the owner and chief executive officer of plaintiff Synergy Healthcare Communications, Inc. ("Synergy" and with Cohen, the "plaintiffs"), a now-defunct company that provided marketing services to medical care providers and pharmaceutical companies.  In November 2005, one of Synergy's clients, Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), notified Cohen that it "had no intentions of renewing the contract with Synergy," which was scheduled to expire on January 1, 2006.  BIPI awarded the contract instead to defendant Sudler & Hennessey LLC ("S&H").

Sometime in November or December 2005, S&H, Cohen, and Synergy entered into a verbal agreement whereby S&H agreed to pay Cohen and Synergy 50% of any profits that S&H earned on the BIPI account in excess of 20% plus $60,000 per year in new

---

[1] "It is well settled that in ruling on such a motion [to dismiss], a district court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference."  Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010) (citation omitted).

business development for each of the 2006, 2007, and 2008 calendar years.  In return, Cohen and Synergy agreed to "transfer all of [Synergy's] business from the BIPI marketing contract and intellectual property related to BIPI to [S&H], along with several Synergy employees who were responsible for managing the BIPI . . . account."  S&H assured Cohen that the terms of the parties' verbal agreement would be memorialized in a subsequent written agreement.

In a separate letter agreement dated December 15, 2005 (the "Letter Agreement"), BIPI and the plaintiffs agreed, inter alia, that BIPI owned all the BIPI-related intellectual property that had been generated by Synergy during the performance of its contract with BIPI.  Plaintiffs agreed to transfer this intellectual property to BIPI's third-party designee, S&H.  Upon the transfer of the intellectual property to S&H, BIPI agreed to pay plaintiffs $861,000.00, of which $615,160.88 represented the amount owed by BIPI to Synergy for work performed under the BIPI Contract.  The remaining $245,839.12 represented consideration for the agreements in the Letter Agreement.  The Letter Agreement further provided that BIPI would not permit any Synergy employee who had worked on the BIPI contract to provide marketing services to BIPI for three years, provided, however, "that it shall not constitute a violation of this restriction if

3

such former employee becomes or is employed by [S&H] and works on BIPI projects."

Plaintiffs "transferred" the BIPI contract, BIPI-related intellectual property, and certain Synergy employees to S&H. S&H then provided Cohen and Synergy with a draft written agreement which provided that S&H would pay Synergy 50% of any profits earned in excess of 23% (as opposed to the 20% that the parties had agreed to verbally) from the BIPI account.  Cohen refused to sign the written agreement because it contained different terms than the earlier verbal agreement.

In January or February 2006, S&H began performing marketing services for BIPI.  Although S&H earned profits on the BIPI account in excess of 20% in 2006, 2007, and 2008, it did not make any profit-sharing payments to the plaintiffs.

On October 13, 2009, Cohen and Synergy filed a complaint against S&H in the United States District Court for the Middle District of Florida.  The complaint asserts claims for breach of contract, promissory estoppel, unjust enrichment, quantum meruit, fraud in the inducement, fraud in the performance, negligent misrepresentation, and fraudulent conversion of trade secrets and intellectual property.

On December 14, S&H moved to transfer the case to the Southern District of New York.  S&H also moved to dismiss the fraud based claims pursuant to Fed. R. Civ. P. 12(b)(6).  The

4

motion to dismiss became fully submitted on May 4, 2010.  On June 1, while the motion to dismiss was pending, the case was transferred to the Southern District of New York and assigned to this Court.  At a pretrial conference on June 28, plaintiffs declined an opportunity to amend their complaint with respect to their fraud-based claims.

## DISCUSSION

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  Ashcroft v. Iqbal, 556 U.S. --, 129 S.Ct. 1937, 1949 (2009).  For a plaintiff's claim to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (citation omitted)).  A court considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party."  Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008) (citation omitted).

S&H moves pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss plaintiffs' claims for (1) fraud in the inducement, (2)

5

fraud in the performance, (3) negligent misrepresentation, and (4) fraudulent conversion of trade secrets/intellectual property.  Each of these claims is premised on the same allegation -- that S&H misrepresented that it would enter into a written agreement to provide plaintiffs 50% of any profits from the BIPI account in excess of 20%, and that plaintiffs relied on this misrepresentation when they transferred the BIPI contract, BIPI-related intellectual property, and certain Synergy employees to S&H.  As such, these claims all sound in fraud.

Proof of fraud under New York law[2] requires a showing that "(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance."  Wall v. CSX Transp., Inc., 471 F.3d 410, 415-16 (2d Cir. 2006);

---

[2] The parties do not address whether the law of New York or Florida, the only two states whose law could conceivably apply here, should apply to plaintiffs' fraud-based claims.  "In diversity cases, federal courts look to the laws of the forum state in deciding issues regarding conflicts of law."  Wall v. CSX Transp., Inc., 471 F.3d 410, 415 (2d Cir. 2006) (citation omitted).  Under New York's conflict of laws approach, "the first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved."  Id. (citation omitted).  Because there is no conflict between New York and Florida law with respect to fraud, see id. at 415-16 (New York law); Belmac Hygiene, Inc. v. Belmac Corp., 121 F.3d 835, 839 (2d Cir. 1997) (Florida law), New York law shall be applied.  See Wall, 471 F.3d at 422-23 ("If no conflict exists, then the court should apply the law of the forum state in which the action is being heard." (citation omitted)).

accord Rather v. CBS Corp., 886 N.Y.S.2d 121, 127 (1st Dept. 2009).  Even if the complaint adequately pleads the first three elements, plaintiffs' fraud-based claims fail as a matter of law because they have not alleged sufficient facts identifying any injury caused by their reliance on S&H's misrepresentation.[3]

Plaintiffs argue that the complaint adequately sets forth the damages they sustained due to their reliance on S&H's alleged misrepresentation, namely their "transfer" of the BIPI contract, BIPI-related intellectual property, and Synergy employees to S&H.  The plaintiffs fail to allege, however, how the transfer of any of these things to S&H caused them any injury.

First, as the complaint itself alleges, BIPI "had no intentions of renewing the contract with Synergy," which was scheduled to expire at the end of 2005.  S&H did not begin to perform any marketing services for BIPI until January or February of 2006, after Synergy's contract with BIPI had lapsed.

---

[3] S&H argues that the heightened particularity requirements for fraud claims set forth in Rule 9(b), Fed. R. Civ. P., apply to the element of damages.  Under Rule 9(b), however, a plaintiff must only allege with particularity the circumstances of the fraud.  See Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006) ("[I]n order to comply with Rule 9(b), the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." (citation omitted)).  S&H has not argued that the complaint fails to satisfy the Rule 9(b) particularity requirements with respect to the circumstances of the alleged fraud.

Further, the Letter Agreement, which plaintiffs attached to their complaint, shows that BIPI paid Synergy all of the monies owed for work performed under the contract.  Thus, plaintiffs fail to allege how they were injured by the "transfer" of a contract that, by their own allegations, they had already lost.

Second, plaintiffs transferred all BIPI-related intellectual property to S&H pursuant to the Letter Agreement with BIPI.  In accordance with the Letter Agreement, plaintiffs were to be paid almost $250,000 after the transfer of BIPI's intellectual property to S&H.  The complaint does not allege that the plaintiffs were induced to enter into the Letter Agreement with BIPI based on any misrepresentation by S&H.  As such, plaintiffs fail to allege how they were injured by the transfer of the BIPI-related intellectual property to S&H.

Lastly, plaintiffs fail to allege how the "transfer" of unidentified Synergy employees to S&H caused them any injury.  Plaintiffs do not allege that the employees were subject to any employment or non-compete agreement with Synergy, or that the loss of the employees resulted in any pecuniary harm, such as lost profits or replacement costs.  Further, the Letter Agreement specifically permitted Synergy employees who had worked on the BIPI contract to be employed by S&H and work on BIPI projects.

Accordingly, because the complaint fails to allege any injury that resulted from plaintiffs' purported reliance on S&H's alleged misrepresentation, the fraud-based claims fail as a matter of law.

CONCLUSION

S&H's December 14, 2009 motion to dismiss is granted. Plaintiffs' claims for fraud in the inducement, fraud in the performance, negligent misrepresentation, and fraudulent conversion of trade secrets/intellectual property are dismissed.

SO ORDERED:

Dated:   New York, New York
         August 31, 2010

                                    _____
                                             DENISE COTE
                                    United States District Judge